# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-33612 |
| | ) | |
| Trevor W. Poole | ) | Adversary Proceeding No. 21-3029 |
| | ) | |
| Debtor, | ) | Judge John Gustafson |
| _____ | ) | |
| | ) | |
| Trevor W. Poole, | ) | |
| | ) | |
| | ) | **MOTION FOR DEFAULT** |
| Plaintiff, | ) | **JUDGMENT** |
| | ) | |
| v. | ) | |
| | ) | |
| Maxx Fitness Clubzz. | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the Plaintiff, Trevor W. Poole, ("the Plaintiff"), by and through undersigned counsel, and would pursuant to Bankruptcy Rule 7055 and Federal Rule of Civil Procedure 55 request that the Court enter a judgment of default against the Defendant, Maxx Fitness Clubzz ("Defendant."). A memorandum in support is set forth below in support of this "Motion."

**WHEREFORE**, the Plaintiff prays that the Court grant the Motion for Default Judgment as prayed for in the Complaint and enter an order and judgment, finding (1) that the Defendant violated the automatic stay of 11 U.S.C. § 362(a) and that such violation be found to be willful, (2) that the Court enter an order and judgment finding that Defendant violated the discharge injunction of 11 U.S.C. § 524, and that based up on such violation, the Court find the Defendant to be in contempt of this Court's Order of Discharge, (3) that the Court schedule a hearing in this

matter, pursuant to Federal Rule of Civil Procedure 55(b)(2)(B), to determine and award damages to the Plaintiff as prayed for in the Complaint, and (4) that the Court enter any other relief of the Plaintiff it deems just and equitable.

/s/Eric R. Neuman
Eric R. Neuman (0069794)
DILLER & RICE
Attorney for Debtor
1105-1107 Adams Street
Toledo, Ohio 43604
Phone: (419) 724-9047
Fax: (419) 238-4705
eric@drlawllc.com

**MEMORANDUM**

This adversary proceeding was filed on May 18, 2021. (Doc. No. 1). On July 12, 2021, the Clerk entered a default against the Defendant. (Doc. No. 6).

On May 20, 2021, undersigned counsel served upon Defendant, the complaint, summons and notice of pretrial conference at the following address (See Exhibit A):

Maxx Fitness Clubzz
Attn: Chief Operating officer/President
3100 Main Street #735
Maumee, OH 43537

Such notice complies with Bankruptcy Rule 7004(a)(3). *See also* F.R.C.P. 4(e)/(h); Ohio Rule of Civil Procedure 4.2.

Pursuant to the Federal Rules of Civil Procedure and case law, on a motion for default judgment the Court accepts the facts alleged in the Complaint as true. Fed. R. Civ. P. 55(b)(2). By defaulting, a defendant is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of

fact for the purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) *(quoting Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

In this case, the Plaintiff has alleged the following facts in support of his Complaint that the Defendant should be found liable for violating the automatic stay of 11 U.S.C. § 362 and the discharge injunction of 11 U.S.C. § 524:

> That prior to the commencement of the Bankruptcy Case, the Plaintiff was a member of Maxx.
>
> That at the commencement of the Bankruptcy Case, the Plaintiff owed to Maxx fees for unpaid membership dues.
>
> That pursuant to an amendment filed to the Plaintiff's bankruptcy schedules on April 1, 2021, Maxx was listed as a creditor in the Plaintiff's bankruptcy case, with an outstanding claim of $901.10.
>
> That Maxx was served with the Amended Bankruptcy schedules at 3100 Main St. #735, Maumee, OH 43537.
>
> That on April 21, 2021, Maxx sent, via email, a collection notice to the Plaintiff seeking to collect on its account.
>
> That on April 22, 2021, undersigned counsel for the Plaintiff sent to Maxx a letter informing Maxx of the Plaintiff's bankruptcy and requesting that Maxx cease further collection efforts.
>
> That the above referenced letter was not returned to Plaintiff's counsel as undeliverable.
>
> That Maxx sent, via email, additional collection notices to the Plaintiff seeking to collect on its account on the following dates: May 6, 2021; May 7, 2021; May 8, 2021; May 9, 2021; and May 10, 2021.
> That in the Bankruptcy Case no action was ever brought by Maxx to have its Claim against the Plaintiff determined to be a nondischargeable debt.
>
> That the Plaintiff never entered into a reaffirmation agreement with Maxx.

That the time of the filing of this action, the Plaintiff's bankruptcy case remains open for administration.

That the collection notices issued by the Plaintiff were sent to the Plaintiff at a time when the automatic stay was in effect.

That the collection notices sent to the Plaintiff by Maxx were construed by the Plaintiff as an attempt to collect a debt owing to Maxx on its Claim.

That a reasonable person construing the collection notices sent by Maxx to the Plaintiff would be construed by such reasonable person as an attempt to collect a debt owing to Maxx on its Claim.

That Maxx knew or should have known that the collection notices sent by it to the Plaintiff would be or could be construed as an attempt and effort to collect on its Claim.

That Maxx sent the collection statements to the Plaintiff in a willful attempt and effort to collect on its Claim.

That Maxx was provided notice and had knowledge of the commencement of the Plaintiff's bankruptcy case.

That at the time it sent the collection notices to the Plaintiff, Maxx knew of the pendency of the Plaintiff's bankruptcy case.

That pursuant to 11 U.S.C. § 362(k), Maxx's actions were not undertaken in good faith. That Maxx's actions are egregious and constitute a blatant and willful violation of the automatic stay of 11 U.S.C. § 362.

That as a direct and proximate result of Maxx's actions, the Plaintiff has incurred damages and will continue to incur damages including attorney fees and other expenses related to the violation of the automatic stay of 11 U.S.C. § 362.

That the collection notices issued by the Plaintiff were sent to the Plaintiff at a time when the automatic stay was in effect.

That the collection notices sent to the Plaintiff by Maxx were construed by the Plaintiff as an attempt to collect a debt owing to Maxx on its Claim.

That a reasonable person construing the collection notices sent by Maxx to the Plaintiff would be construed by such reasonable person as an attempt to collect a debt owing to Maxx on its Claim.

That Maxx knew or should have known that the collection notices sent by it to the Plaintiff would be or could be construed as an attempt and effort to collect on its Claim.

That Maxx sent the collection statements to the Plaintiff in a willful attempt and effort to collect on its Claim.

That Maxx was provided notice and had knowledge of the commencement of the Plaintiff's bankruptcy case.

That at the time it sent the collection notices to the Plaintiff, Maxx knew of the pendency of the Plaintiff's bankruptcy case.

That pursuant to 11 U.S.C. § 362(k), Maxx's actions constitute a willful violation of the automatic stay of 11 U.S.C. § 362.

That pursuant to 11 U.S.C. § 362(k), Maxx's actions were not undertaken in good faith. That Maxx's actions are egregious and constitute a blatant and willful violation of the automatic stay of 11 U.S.C. § 362.

That as a direct and proximate result of Maxx's actions, the Plaintiff has incurred damages and will continue to incur damages including attorney fees and other expenses related to the violation of the automatic stay of 11 U.S.C. § 362.

Accordingly by virtue of said allegations and the failure to appear or otherwise defend, and by service being properly perfected on the Defendant, the Plaintiff would assert that it is entitled to an order of Default Judgment and a finding (1) that the Defendant violated the automatic stay of 11 U.S.C. § 362(a) and that such a violation was willful, and (2) that the Defendant violated the discharge injunction of 11 U.S.C. § 524, and that based up on such violation, the Defendant is in contempt of this Court's Order of Discharge

### NOTICE PURSUANT TO LOCAL RULE

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this case. If you do not have an attorney, you may wish to consult one.** Under Local Bankruptcy Rule 9013-1 and 4:08, unless a written response to the Motion are filed with the Clerk of the Court and served on the moving party and the Office of the U.S. Trustee, objecting to the relief requested within fourteen (14) days, the Court may deem the opposition waived, treat the motions as conceded, and issue an order granting the requested relief without further notice of hearing.

/s/Eric Neuman<br>Eric R. Neuman

## CERTIFICATE OF SERVICE

I, Eric R. Neuman, do hereby certify that a copy of this Motion was mailed or electronically sent to the following attached list of interested parties and creditors this 13th day of July, 2021.

*/s/Eric R. Neuman*<br>Eric R. Neuman

Service List:

**Notice will be electronically mailed to:**

Eric R. Neuman    eric@drlawllc.com, kim@drlawllc.com;r50765@notify.bestcase.com; Adam@drlawllc.com;raymond@drlawllc.com;leanne@drlawllc.com
United States Trustee    (Registered address)@usdoj.gov

**Notice will be mailed to:**

Maxx Fitness Clubzz
Attn: Chief Operating Officer/President
3100 Main St #735
Maumee, OH 43537

# CERTIFICATE OF SERVICE

I, _____Eric R. Neuman_____ (name), certify that service of this summons and a copy of the complaint was made _____May 20, 2021_____ (date) by:

☒ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
  Maxx Fitness Clubzz
  Attn: Chief Operating Officer/President
  3100 Main Street #735
  Maumee, OH 43537

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date __05/20/2021__    Signature _____

Print Name:            Eric R. Neuman, Esq.

Business Address:      Diller & Rice, LLC
                       1107 Adams Street
                       Toledo, Ohio 43604